DAVID R. DUCHARME, P.A.
Attorney at Law
2020 Lakewood Drive, Suite 220
Coeur d'Alene, ID 83814
(208) 667-0701
FAX: 765-6795
ISB#: 2777

Attorney for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

ERIC R. WEARE and JULIE WEARE,  )
individually and on )
behalf of their child, )
CAPLEN, )
) Case No. CIV01-0271-N-EJL
) 
Plaintiffs, )
) **COMPLAINT FOR DAMAGES**
vs. ) **AND JURY DEMAND**
)
THE COEUR D'ALENE CASINO, and )
THE COEUR D'ALENE TRIBE, and )
DOES 1-5, )
)
Defendants. )
_____)

COME NOW PLAINTIFFS, through counsel, and allege as follows:

### GENERAL ALLEGATIONS

I.

Plaintiffs Eric R. Weare ("Eric") and Julie Weare ("Julie") are now and at all pertinent times were husband and wife and residents of Noxon, Montana.

II.

Plaintiff Caplen Weare is a minor child, now aged 9. Caplen resides with his natural parents, Eric and Julie, in Noxon, Montana.

COMPLAINT                                 1.

III.

Defendant The Coeur d'Alene Casino ("Casino") is a business entity authorized to do business in the State of Idaho, with its principal place of business in Kootenai County, Idaho. Plaintiffs have received conflicting information as to the exact business enterprise organizational status of the Casino. Plaintiffs will amend their complaint as soon as discovery reveals the true enterprise organization of this defendant. The Casino is engaged in the business of providing hospitality, entertainment and gaming to the general public under the name and style The Coeur d'Alene Casino.

IV.

Plaintiffs are informed and believe and therefore allege that the Casino is a business entity wholly owned and operated by the Coeur d'Alene Tribe ("Tribe"), a Sovereign Indian Nation located and operating businesses from its tribal headquarters on the Coeur d'Alene reservation in the State of Idaho. The Tribe, as Sovereign and Principal, is responsible for the acts and omissions of its companies, subsidiaries, franchisees, employees, agents, managers, and officers, under the doctrine of respondeat superior.

V.

The true names of defendants "DOES 1-5" are not known at this time and so they are sued under such fictitious names. Plaintiffs will amend the complaint to allege their true names when the same are ascertained in discovery.

VI.

At all pertinent times, each defendant sued as a "DOE" was acting for itself, or as an agent and/or employee of each co-defendant in this action, and in doing or failing to do the alleged acts was acting within the scope and capacity of his/her/its authority as such agent or employee, and with the permission of the co-defendants. Defendants "DOES 1-5", whether acting for itself or as an agent or otherwise, are in some way liable to plaintiffs on the facts alleged in this

complaint and thereby caused injuries and damages to plaintiffs.

### VII.

On or about October 7, 1999, plaintiffs entered the Casino's premises in Kootenai County, Idaho. Eric was duly registered as a participant in the Casino's "Toughman" Competition. While on the premises competing in the "Toughman", Eric was repeatedly threatened; then assaulted by an unknown assailant.

### VIII.

The amount in controversy exceeds $75,000, exclusive of interest and costs. Jurisdiction and venue are proper under the laws of the United States of America.

**NEGLIGENCE**

### IX.

Defendants had a duty to exercise reasonable care to protect plaintiffs from injury on the premises. This duty included an obligation to protect Eric and provide adequate and reasonable security for Eric as a competitor in defendants' "Toughman" competition held on the premises. Defendants were negligent by breaching the duty of care owed to plaintiffs, the direct and proximate result of which caused injury and damage to plaintiffs.

### X.

Defendants knew or should have known that the unknown assailant ("assailant") would assault Eric and presented a foreseeable risk of harm to Eric because the assailant had threatened Eric and attempted to enter the ring and assault Eric earlier on that same date, had been behaving in an hostile and disorderly manner, and has a reputation in the community for violent behavior.

### XI.

Despite defendants' knowledge and notice of the danger that the assailant would commit an assault against Eric, defendants negligently failed to adopt and enforce a policy

of barring the assailant from the premises, and negligently failed to remove the assailant from the premises when the assailant's behavior warranted such action.

XII.

Defendants negligently failed to provide adequate security to monitor and control the assailant and thereby prevent the assault against Eric.

XIII.

Defendants negligently failed to warn Eric of the danger presented by the assailant and that the assailant would commit an assault against him.

XIV.

Defendants negligently failed to provide adequate security to control and secure the competitors' "Pit" area, and negligently allowed the assailant to enter the "Pit" and assault Eric.

XV.

Defendants negligently failed to intervene to stop the assault and protect Eric from further harm.

XVI.

At all pertinent times, Eric was acting in a reasonable and prudent manner, and was completely free of any negligence whatsoever.

XVII.

As a direct and proximate result of the negligence of the defendants as described in this complaint, Eric has been injured and suffered general and special damage in an amount to be proven at trial, but in excess of $75,000. This damage includes past medical expenses of at least $4,500; future medical expenses; past loss of earnings in an amount to be proven at trial; future loss of earnings and earning capacity; loss of companionship, society and services; pain, suffering, disfigurement, disability, and loss of enjoyment and quality of life, both past and future.

COMPLAINT                                    4.

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

XVIII.

Julie and Caplen were present and only a few feet away from the "Pit" area when Eric was assaulted and injured. Defendants owed Julie and Caplen a duty of due care which was breached by the defendants' negligence as set forth in this complaint, the direct and proximate result of which caused injury and damage to Julie and Caplen.

XIX.

As a direct and proximate result of the defendants' negligence, Julie and Caplen have been injured and suffered general and special damage in an amount to be proven at trial, but in excess of $75,000. This damage includes economic loss, severe emotional injury and resultant physical injury, including but not limited to headaches, stomach aches, sleep disorders, nightmares, fatique, loss of appetite and, for Julie, loss of libido.

## LOSS OF CONSORTIUM

XX.

As a further direct and proximate result of the defendants' negligence as described in this complaint, Julie and Caplen have suffered damage in an amount to be proven at trial, but in excess of $75,000, for the loss of love, companionship, aid, comfort, society, services and consortium of their husband and father, Eric, as well as for the destruction of portions of their respective husband-wife and father-son relationships with Eric, and, for Julie, the loss of a great deal of her own enjoyment of life in constant caring for Eric, and her inability to share many experiences with Eric.

## ATTORNEY FEES

XXI.

Plaintiffs have been caused to hire an attorney at their own expense to seek redress for the defendants' actions. Plaintiffs are entitled to recover their attorney fees to the full extent allowed by law.

## JURY DEMAND

XXII.

Plaintiffs demand a trail by a jury of twelve (12) on all issues so triable.

WHEREFORE, having stated their complaint against defendants, and having demanded a trial by jury, now, therefore, plaintiffs pray for judgment against defendants as follows:

1. For judgment of money damages in an amount to be proven at trial, but in excess of $75,000; and

2. For plaintiffs' costs and attorney fees so wrongfully incurred; and

3. For prejudgment interest; and

4. For such other and futher relief as the Court deems just under the circumstances.

DATED this 13 day of June, 2001.

DAVID R. DUCHARME
Attorney for Plaintiffs

COMPLAINT                             6.