ORIGINAL

**EVERETT B. COULTER, JR.**
Evans, Craven & Lackie, P.s.
818 W. Riverside, Suite 250
Spokane, WA 99201
(509) 455-5200
Fax: (509) 455-3632
ISB#3768

U.S. DISTRICT COURT
DISTRICT OF IDAHO

AUG 2 0 2001

_____ M. REC'D _____
LODGED _____ FILED _____

Attorney for Defendants CDA Tribe & Casino

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ERIC R. WEARE and JULIE WEARE, individually and on behalf of their child, CAPLEN, | ) ) ) |
| Plaintiffs, | ) Case No. CIV 01-0271-N-EJL ) ) |
| vs. | ) **MEMORANDUM OF POINTS** ) **AND AUTHORITIES IN** ) **SUPPORT OF DEFENDANTS'** |
| THE COEUR D'ALENE CASINO, and THE COEUR D'ALENE TRIBE, and DOES 1-5, | ) **MOTION FOR SUMMARY** ) **JUDGMENT** ) ) |
| Defendants. | |

**COME NOW** Defendants, the Coeur d'Alene Casino, the Coeur d'Alene Tribe,

and Does 1-5, by and through their attorney, Everett B. Coulter, and move the Court for

an Order of Summary Judgment dismissing the Plaintiffs' cause of action. This motion is

based upon the Court's lacks personal jurisdiction due to the sovereign immunity of the

Coeur d'Alene Tribe, the extension of sovereign immunity to commercial enterprises

created by the Coeur d'Alene Tribe, and Indian tribal officials acting in their official

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF DEFENDANTS' MOTION FOR**
**SUMMARY JUDGMENT - 1**

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, Washington 99201-0910
(509) 455-5200; FAX (509) 455-3632

capacity.  This Court also lacks subject matter jurisdiction due to the judicially

recognized Tribal Court Exhaustion rule.  Finally, this Court lacks the diversity

jurisdiction required for both proper adjudication and venue of causes of actions in

United States District Courts pursuant to 28 U.S.C §§ 1332 and 1391. Therefore,

judgment as a matter of law is warranted.

## I.  SUMMARY OF UNDISPUTED FACTS

The Coeur d'Alene Tribe is a federally recognized Indian tribe.  *Indian Entities*

*Recognized and Eligible to Receive Services From the United States Bureau of Indian*

*Affairs*, 65 Fed.Reg. 13298 (Mar. 13, 2000).  Defendant Coeur d'Alene Casino (the

Casino) is a corporation organized by the Coeur d'Alene Tribe (the Tribe) in Kootenai

County, Idaho.  The Casino is engaged in the business of providing hospitality,

entertainment, and gaming to the public with the intent of providing a means of

promoting Coeur d'Alene  tribal government, economic development, and tribal self-

sufficiency.  *Declaration of Ernie Stensgar.*  As a federally recognized Indian tribe, the

Coeur d'Alene Tribe has never expressly or impliedly waived the patent sovereign

immunity granted them as a domestic dependent nation of the United States.

On October 7, 1999, Mr. Eric Weare, accompanied by his wife Julie and son

Caplen, entered the "Toughman" competition at the Coeur d'Alene Casino. The

"Toughman" contest is an amateur boxing tournament in which the ultimate winner

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF DEFENDANTS' MOTION FOR**
**SUMMARY JUDGMENT - 2**

collects $50,000. After participating in several bouts inside the boxing ring, Mr. Weare

and Mr. Richard Raya entered into a fight while Mr. Weare waited for his next bout. Mr.

Raya hit Mr. Weare and knocked him unconscious. Julie Weare and Caplen Weare

witnessed the incident from which this cause of action arises. Neither of these ancillary

Plaintiffs suffered a physical injury, but rather their damages arise out of the mental

trauma thrust upon them from seeing a family member knocked unconscious outside of a

boxing ring rather than inside.

## II. SUMMARY JUDGMENT STANDARD

A Summary Judgment is appropriate if there are no disputed issues of material

fact and the moving party is entitled to judgment as a matter of law. *Saelee v. Chater*, 94

F.3d 520 (9th Cir.1996), cert. denied 519 U.S. 1113 (1997). All reasonable inferences

must be drawn in favor of the non-moving party. *U.S. v. $69,292.00 in U.S. Currency*,

62 F.3d 1161 (9th Cir.1995). As set forth above, no disputed issues of material fact exist,

therefore, this Court should grant Defendants' Motion for Summary Judgment.

## III. ARGUMENT

### Tribal Sovereign Immunity

"Indian tribes are 'domestic dependent nations' that exercise inherent sovereign

authority over their members and territories." *Oklahoma Tax Comm'n v. Citizens Band*

*Potawatomi Indian Tribe of Oklahoma*, 498 U.S. 505, 509 (1991). Indian tribes are

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT - 3**

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, Washington 99201-0910
(509) 455-5200; FAX (509) 455-3632

protected from suit by the doctrine of sovereign immunity. *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 58 (1978). The only exception to this rule are instances in which Congress has authorized the suit or immunity has been waived by the tribe. *Kiowa Tribe v. Manufacturing Technologies*, 523 U.S. 751, 754 (1998). However, a waiver of sovereign immunity by a tribe must be clear and unequivocal to be effective. *Oklahoma Tax* at 509; *Santa Clara* at 58; *Fletcher v. U.S.*, 116 F.3d 1315, 1324 (10th Cir.1997). Therefore, a waiver of sovereign immunity cannot be implied. *Tribal Smokeshop, Inc. v. Alabama-Coushatta Tribes of Texas*,72 F.Supp 717, 719 (E.D.Tex.1999). "Inclusion of a group of Indians on the Federal register list of recognized tribes is ordinarily sufficient to establish entitlement to immunity, unless the suit in issue concerns the validity of that listing." William C. Canby, Jr., *American Indian Law in a Nutshell* 87-88 (3d ed. 1998), *citing Cherokee Nation of Oklahoma v. Babbitt*, 117 F.3d 1489, 1499 (D.C.Cir.1997).

The Coeur d'Alene Tribe is a federally recognized Indian tribe. (65 Fed.Reg. 13298). Further, the Tribe has neither expressly nor impliedly waived the sovereign immunity vested in them by the United States. In order words, the Coeur d'Alene Tribe cannot be sued for this cause of action in federal district court. Therefore, this Court must find that there is no personal jurisdiction for the Tribe in the case at bar.

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT - 4**

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, Washington 99201-0910
(509) 455-5200; FAX (509) 455-3632

### Extension of Tribal Immunity to Tribal Commercial Operations

"It is settled that a tribe's sovereign immunity is not limited to governmental

activities, but extends to commercial activities as well, and that immunity applies to tort

claims." *Trudgeon v. Fantasy Springs Casino*, 84 Cal.Rptr.2d 65, 72 (1999) (holding a

tribal casino was entitled to immunity because of the importance of gaming in promoting

tribal self-determination, the close link between the tribe and the casino, and the

existence of federal law promoting Indian gambling). In *Kiowa*, the court refused to

limit tribal immunity to noncommercial activities because such action should only come

from Congress. *Kiowa* at 755-758. "Tribes enjoy immunity from suits on contracts,

whether those contracts involve governmental or commercial activities and whether they

were made on or off a reservation." *Id.* at 760.

State courts have long recognized immunity against tort claims arising from tribal

commercial activities. Sovereign immunity barred a personal injury claim arising from a

boating accident at a marina owned  and operated by a tribe as a commercial venture on

an Indian reservation. *Long v. Chemehuevi Indian Reservation*, 171 Cal.Rptr. 733

(1981); see also *Morgan v. Colorado River Indian Tribe* 443 P.2d 421, 424 (Ariz.1968)

(sovereign immunity barred suit for accident at marina operated as a tribal commercial

enterprise outside of reservation boundaries); *Seminole Tribe v. Houghtaling* 589 So.2d

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT - 5**

1030, 1032 (Fla.App.1991) (personal injury suit by customer of Indian tribal bingo hall

barred by the extension of sovereign immunity to tribe's commercial ventures).

While the aforementioned cases did not distinguish between the Indian tribes

themselves and the business entities they spawned, several decisions automatically

extend immunity, "'an action against a tribal enterprise is, in essence, an action against

the tribe itself.'" *Barker v. Menominee Nation Casino*, 897 F.Supp. 389, 393

(E.D.Wis.1995), quoting *Local IV-302 Int'l Woodworkers Union of Am. v. Menominee

Tribal Enter.*, 595 F.Supp 859, 862 (E.D.Wis.1984).  Commercial enterprises created by

Indian tribes do not inherently possess immunity. Rather, Indian tribes extend the

immunity of the tribe to those commercial enterprises created by the tribe.

The Coeur d'Alene Casino is a business entity wholly owned and operated by the

Coeur d'Alene Tribe, a sovereign Indian Nation. *Plaintiffs' Complaint, Paragraph IV at

2*. The Coeur d'Alene Tribe is a federally recognized Indian tribe. Further, the Tribe has

neither expressly nor impliedly waived the sovereign immunity vested in them by the

United States.  In order words, as a commercial enterprise incorporated by the Tribe for

the purpose of providing for the welfare of the Tribe, the inherent sovereign immunity of

the Tribe extends to the Casino.  As such, the Coeur d'Alene Casino cannot be sued for

this cause of action in federal district court. Therefore, this Court must find that there is

no personal jurisdiction for the Casino in the case at bar.

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT - 6**

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, Washington 99201-0910
(509) 455-5200; FAX (509) 455-3632

### Extension of Sovereign Immunity to Does 1-5

Unknown Defendants, Does 1-5, acted as either agents and/or employees of each co-defendant. *Plaintiffs' Complaint, Paragraph VI at 2.* Tribal sovereign immunity extends to tribal officials operating within their authority. *Hardin v. White Mountain Apache Tribe*, 779 F.2d 476, 479 (9th Cir.1985) *citing U.S. v. Oregon*, 657 F.2d 1009, 1012 n. 8 (9th Cir.1981); *see also Tenneco Oil Co. v. Sac & Fox Tribe of Indians*, 725 F.2d F.2d 572, 574 (10th Cir.1984). Courts have held that tribal immunity covers law enforcement officers performing their official duties. *Suarez v. Newquist*, 855 P.2d 1200, 1204 (Wash.1993) (tribal police officer entitled to immunity for injury arising from transportation of victim). "And immunity has been extended to officers of a tribal business entity as well as to officers of the tribe itself." *Trudgeon at 72, citing White Mountain Apache Indian Tribe v. Shelley*, 480 P.2d 654 (Ariz.1971).

Additionally, the commission of a tort is not per se an act in excess of authority. Where the plaintiff alleges no viable claim that the tribal official acted outside the scope of their authority, immunity from suit applies. *Trudgeon at 72, citing Imperial Granite Co. v. Pala Band of Mission Indians*, 940 F.2d 1269, 1271 (9th Cir.1991). In their Complaint, the Plaintiffs do not allege that Does 1-5 acted beyond the scope of their authority. "At all pertinent times, each defendant [ ] was acting within the scope and capacity of his/her/its authority as such agent or employee, and with the permission of the

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT - 7**

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, Washington 99201-0910
(509) 455-5200; FAX (509) 455-3632

co-defendants." *Plaintiffs' Complaint, Paragraph VI at 2.* Consequently, the Plaintiffs'

causes of actions against Does 1-5 are a suit against the tribe. Therefore, Does 1-5

immunity from suit coexists with the Coeur d'Alene Tribe's sovereign immunity from

the claims alleged by the Plaintiffs.

### Tribal Court Exhaustion Doctrine

Even if personal jurisdiction is proper for the case at bar, the Court is still required

to dismiss the case under the Tribal Court Exhaustion Doctrine. *See National Farmers*

*Union Ins. Cos. v. Crow Tribe*, 471 U.S. 845, 857 (1985) (parties must exhaust all tribal

court remedies before a federal court may entertain action under federal question

jurisdiction). "Tribal authority over the activities of non-Indians on reservation lands is

an important part of tribal sovereignty." *Iowa Mut. Ins. Co. v. LaPlante*, 480 U.S. 9, 18

(1987). Such authority rests with tribal courts "unless affirmatively limited by a specific

treaty provision or federal statute." *Id.* No such limitations exist for the Coeur d'Alene

Tribe in this cause of action. Neither treaty nor federal statute exists to limit the

jurisdictional authority of the Coeur d'Alene Tribe to provide judicial relief from actions

arising out of occurrences on tribal land.

The doctrine of Tribal Court Exhaustion includes a narrow group of exceptions:

"where an assertion of tribal jurisdiction is motivated by a desire to harass or is

conducted in bad faith; where the action in tribal courts is patently violative of express

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF DEFENDANTS' MOTION FOR**
**SUMMARY JUDGMENT - 8**

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, Washington 99201-0910
(509) 455-5200; FAX (509) 455-3652

jurisdictional prohibitions; or where exhaustion would be futile because of the lack of an

adequate opportunity to challenge the tribal court's jurisdiction." *National Farmers

Union Ins. Cos.* at 857. "Of course, where Congress has entrusted a particular cause of

action to the exclusive jurisdiction of the Federal Courts, then the Court need not defer to

a Tribal Court, in that instance, to determine its jurisdiction to resolve the merits of the

claim." *Armstrong v. Mille Lacs County Sheriffs Dep't.*, 112 F.Supp.2d 840, 844

(D.Minn.2000) (although Indian tribe waived its sovereign immunity, stay of federal suit

by a non-Indian reporter warranted pending tribal court's determination of its

jurisdiction); *see El Paso Natural Gas Co. v. Neztsosie*, 526 U.S. 473, 484 (1999) ("the

situation here is the rare one in which statutory provisions for conversion of state claims

to federal ones and removal to federal courts express congressional preference for a

federal forum.").

The Coeur d'Alene Tribe maintains a tribal court for the purposes of adjudicating

civil claims concerning the Coeur d'Alene Tribe, Coeur d'Alene tribal enterprises, and

Coeur d'Alene tribal members. The Plaintiffs have not filed a Complaint with the tribal

court. The Plaintiffs' claims have not been adjudicated in the tribal court forum, a forum

that is specifically designed to facilitate resolution of tribal disputes. Therefore, the

Tribal Court Exhaustion Rule has not been satisfied in this case, and this Court should

grant Defendants' Motion for Summary Judgment.

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT - 9**

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, Washington 99201-0910
(509) 455-5200; FAX (509) 455-3632

## Lack of Diversity Jurisdiction

As all the causes of actions alleged within the Plaintiffs' Complaint involve Idaho state law, there can be no federal question jurisdiction under 28 U.S.C. § 1331[1]. Federal district courts have jurisdiction over diversity actions in which the amount in controversy exceeds $75,000[2]. Plaintiffs have attempted to demonstrate diversity by alleging in their Complaint that Plaintiffs are residents of Montana and that Defendant Casino "is a business entity authorized to do business in the State of Idaho" and the Defendant Tribe is headquartered on the "Coeur d'Alene Reservation in the State of Idaho." *Plaintiffs Complaint Paragraphs III-IV at 2.* It is well settled that "a Native American tribe is not a citizen of a state within the meaning of 28 U.S.C § 1332 and may not be sued in federal court under the court's diversity jurisdiction." *Worrall v. Mashantucket Pequot Gaming Enter.*, 131 F.Supp.2d 328, 329 (D.Conn.2001)(casino, as commercial arm of Indian tribe, was not subject to diversity jurisdiction), *citing Romanella v. Hayword*, 933 F.Supp. 163, 167 (D.Conn.1996), *aff'd*, 114 F.3d 15 (2nd Cir.1997)(Indian nation was not a citizen of any state nor was it foreign for purposes of diversity); *see also Stock West,*

---

1. The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. *28 U.S.C. § 1331*

2. Diversity is defined in 28 U.S.C. § 1332 as a claim between: a) citizens of different states; b) citizens of a State and citizens or subjects of a foreign state; c) citizens of different States and in which citizens of a foreign state are additional parties; and d) a foreign state, as plaintiff and citizens of a State or of different States.

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF DEFENDANTS' MOTION FOR**
**SUMMARY JUDGMENT - 10**

*Inc. v. Confederated Tribes*, 873 F.2d 1221, 1226 (9th Cir.1989); *Barker-Hatch v. Viejas Group Baron Long Capitan Grande Band of Digueno Mission Indians of the Viejas Group Reservation, Cal.*, 83 F.Supp.2d 1155, 1156 (S.D.Cal.2000)(granting defendants motion to dismiss for lack of diversity jurisdiction); *Cherokee Nation v. Georgia*, 30 U.S. (Pet.) 1, 17-18 (1831)(creating judicial doctrine that since Indian tribes antedate both the United States and the several states they are not foreign states).

As for the Tribe being a foreign state for purposes of diversity, "the Supreme Court long-ago held that an Indian tribe is not a foreign state." *Romanella* at 167. Further, "[t]hese principles extend to tribal entities that are arms of the tribe." *Worrall* at 329, *citing Ninigret Dev. Corp. v. Narragansett Indian Wetuomuck Hous. Auth.*, 207 F.3d 21, 27 (2nd Cir.2000) (in holding that a commercial arm of a tribe should not be treated differently for jurisdictional purposes).

As stated above, the Coeur d'Alene Tribe is federally recognized as an Indian tribe. Additionally, the Coeur d'Alene Casino is a wholly-owned commercial entity of the Coeur d'Alene Tribe, and Does 1-5 are employees of the Coeur d'Alene Casino. Therefore, because the claims against the Tribe, the Casino, and Does 1-5 lack diversity, this Court should grant the Defendants' Motion for Summary Judgment.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 11**

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, Washington 99201-0910
(509) 455-5200; FAX (509) 455-3632

## III. CONCLUSION

Granting of the Defendants' Motion for Summary Judgment is proper.  This Court does not have personal jurisdiction over the Defendants because of the inherent sovereign immunity of Indian tribes, the extension of sovereign immunity to both tribal commercial ventures, and to the actions of tribal agents and employees.  Subject matter jurisdiction does not exist in this Court for the causes of action alleged by the Plaintiffs. Finally, 28 U.S.C. § 1332, the federal statute defining diversity actions for federal district courts is not satisfied.

Based upon the foregoing Coeur d'Alene Casino, Coeur d'Alene Tribe, and Docs 1-5 as agents and/or employees of Coeur d'Alene Casino respectfully request that the Court grant Defendants' Motion for Summary Judgment.

**RESPECTFULLY SUBMITTED** this _16th_ day of August, 2001.

EVANS, CRAVEN & LACKIE, P.S.

By_____

EVERETT B. COULTER, JR., #3768
Attorneys for Defendants The Coeur
d'Alene Tribe and The Coeur d' Alene
Casino

### CERTIFICATE OF SERVICE

I hereby certify that on the _16_ day of _August_, 2001, I caused to be served a true and correct copy of the foregoing document(s) on all interested parties to this action as follows:

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT - 12**

1
2
3
4
5

David R. Ducharme, P.A.        ___ Hand Delivered
Attorney at Law               _X_ U.S. Mail
2020 Lakewood Dr., #220       ___ Overnight Mail
Coeur d'Alene, ID 83814       ___ Facsimile
(208) 667-0701

6
7

   I declare under penalty of perjury that the foregoing is true and correct. Dated this
__16__ day of August, 2001, at Spokane, Washington.

8
9
10

                                        _Jan Hartsell_
                                        JAN HARTSELL

11
12

H:\HOME\EBC\WPT - Z\Weare\SJMemorandum.wpd

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF DEFENDANTS' MOTION FOR**
**SUMMARY JUDGMENT - 13**

Evans, Craven & Lackie, P.S.

818 W. Riverside, Suite 250
Spokane, Washington 99201-0910
(509) 455-5200; FAX (509) 455-3632